IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
RICARDO FLORES,

        Plaintiff,

        -against-

THE CITY OF NEW YORK,
NYPD OFFICER JOHNSON (TAX ID 916088);
NYPD OFFICER BENJAMIN (TAX ID 942345);
NYPD DETECTIVE JASON PETRI;
NYPD UNDERCOVER OFFICER UC C0125;
NYPD POLICE OFFICERS "JOHN DOES" 1-2,
CORRECTIONS STAFF "JOHN DOES" 1-6;

        Defendants.

-------------------------------------------------------------X

COMPLAINT

ECF CASE

**Jury Trial Demanded**

Plaintiff RICARDO FLORES, by his attorney, DAVID A. THOMPSON, of Stecklow & Thompson, complaining of the defendants, respectfully alleges as follows:

## I. PRELIMINARY STATEMENT

1. On June 26, 2015, Ricardo Flores was arrested by the defendant police officers. Although Mr. Flores did not resist arrest, the officers beat him severely, breaking his jaw. As a result of the arrest, Mr. Flores was held in custody for eight months. During that time, he lacked access to adequate medical care for his injuries.

## II. JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, as well as other

1

Constitutional provisions. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and (a)(4).

3.  Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 USC. § 1367, over any and all state law claims and causes of action.

## IV. VENUE

4.  Venue is proper for the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. §1391(b)(1) because the events complained of occurred within this district.

## V. JURY DEMAND

5.  Plaintiff respectfully demands a trial by jury for all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## VI. THE PARTIES

6.  The City of New York ("City") is a municipal corporation organized and existing under the laws of the State of New York.

7.  Defendant THE CITY OF NEW YORK maintains the New York City Police Department ("NYPD").

8.  At all times relevant to this action, NYPD OFFICER JOHNSON (TAX ID 916088) ("Officer Johnson") was an officer of the NYPD, and was acting under the supervision of said department and within the scope of his/her official duties.

9.  At all times relevant to this action, NYPD OFFICER BENJAMIN (TAX ID 942345) ("Officer Benjamin") was an officer of the NYPD, and was acting under the supervision of said department and within the scope of his/her official duties.

10. At all times relevant to this action, NYPD UNDERCOVER OFFICER UC CO125 (UC CO125") was an officer of the NYPD, and was acting under the supervision of said department and within the scope of his/her official duties.

11. At all times relevant to this action, Defendants NYPD POLICE OFFICERS "JOHN DOES" 1-2 were officers of the NYPD, and were acting under the supervision of said department and within the scope of his/her official duties.

12. At all times relevant to this action, the Defendant Police Officers, either personally or through their subordinates, were acting under color of state law and/or pursuant to the rules, customs, usages and/or practices of the State or City of New York.

13. All claims against all defendants other than Defendant THE CITY OF NEW YORK are asserted against said defendants in both their individual and official capacities.

## VII. FACTS COMMON TO ALL CLAIMS

14. On June 26, 2015, Ricardo Flores was arrested by NYPD OFFICER JOHNSON (TAX ID 916088), NYPD OFFICER BENJAMIN (TAX ID 942345), NYPD DETECTIVE JASON PETRI, NYPD UNDERCOVER OFFICER UC CO125, AND NYPD POLICE OFFICERS "JOHN DOES" 1-2.

15. As Ricardo Flores was being arrested, he tried to explain to the officers that they were arresting the wrong person, and he had not done anything.

16. The officers did not like this.

17. One of the officers punched Ricardo Flores several times in the face.

18. Ricardo Flores was thrown to the ground and handcuffed.

19. The same officer continued to punch Ricardo Flores in the face.

20. As a result, Ricardo Flores' lower right jaw was broken.

21. Defendants Petri, Johnson, and Benjamin made false statements concerning Ricardo Flores' conduct, or allowed such false statements to be made, which falsely accused Ricardo of resisting arrest by, among other things, punching and kicking the arresting officers.

22. In particular, Defendant Jason Petri swore out a criminal complaint containing such statements.

23. These false statements were included as evidence placed before the parole tribunal which determined whether to revoke Ricardo Flores' parole, and decided how long to hold Ricardo in additional custody.

24. Relying on the truth of these false statements, the tribunal revoked Ricardo Flores' parole.

25. Defendant Undercover Officer UC CO125 provided false information, which he knew would be placed in a criminal complaint against Ricardo Flores, stating that Ricardo was involved in a drug sale transaction.

26. These false statements were included as evidence placed before the parole tribunal which determined whether to revoke Ricardo Flores' parole, and decided how long to hold Ricardo in additional custody.

27. Relying on the truth of these false statements, the tribunal revoked Ricardo Flores' parole.

28. As a result of his arrest, Ricardo Flores spent 8 months in custody.

29. Ricardo Flores was held in five different locations during that time.

30. As a result of being in custody, Ricardo Flores did not receive adequate or sufficient medical care or pain management.

31. The plaintiff suffered physical pain, mental and emotional pain, anguish and fear.

32. These injuries were caused the intentional, reckless, and negligent acts of the City of New York, its agents and employees.

33. CORRECTIONS STAFF "JOHN DOES" 1-6 failed to ensure that the plaintiff was provided adequate medical treatment, including pain management and other treatment for his broken jaw.

34. In negligently hiring, training and/or supervising the aforementioned officers, and in all other ways, the City of New York, its agents servants, and employees were negligent, careless and reckless.

## FIRST CLAIM FOR RELIEF

## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

35. The plaintiff restates all allegations of this Complaint herein.

36. Defendant The City of New York and its agents, including but not limited to the Defendant Police Officers (collectively, "Defendants") deprived the plaintiff, Ricardo Flores, of his rights guaranteed by the Constitution of the United States.

37. All of the aforementioned acts of the Defendants were carried out under the color of state law.

38. The acts of the Defendant Police Officers were carried out in their capacities as officers of the NYPD.

39. The acts were carried out by the Defendant Police Officers in their capacities as officers of the NYPD pursuant to the customs, usages, practices, procedures,

and the rules of Defendant The City of New York and the NYPD, all under the supervision of ranking officers of said department.

40. As a result, plaintiff suffered personal injuries, loss of liberty, emotional distress, damage to reputation, humiliation, and other harms.

41. As a result of Defendants' conduct, plaintiff demands judgment against Defendants in a sum of money to be determined at trial.

## SECOND CLAIM FOR RELIEF

## FALSE ARREST

42. The plaintiff restates all allegations of this Complaint herein.

43. The plaintiff was arrested by the defendants without a warrant and without probable cause.

44. The plaintiff was confined and deprived of his liberty by the Defendants.

45. The plaintiff was conscious of his confinement.

46. As a result, plaintiff suffered personal injuries, loss of liberty, emotional distress, damage to reputation, humiliation, and other harms.

47. As a result of Defendants' conduct, the plaintiff demands judgment against Defendants in a sum of money to be determined at trial.

## THIRD CLAIM FOR RELIEF

## EXCESSIVE FORCE

48. The plaintiff restates all allegations of this Complaint herein.

49. Without having reasonable cause to do so, Defendant Police Officers used excessive force on the plaintiff.

50. As a result, plaintiff suffered personal injuries, emotional distress, humiliation, loss of liberty, and other harm.

51. As a result of Defendants' conduct, plaintiff demands judgment against Defendants in a sum of money to be determined at trial.

## FOURTH CLAIM FOR RELIEF
## FAILURE TO INTERVENE

52. The plaintiff restates all allegations of this Complaint herein.

53. Each of the defendants officers who did not personally use excessive force against the plaintiff was present when excessive force was used.

54. Those Defendants had a duty to prevent the use of excessive force, and to prevent the plaintiff's injuries.

55. The Defendants each also had a duty to prevent the plaintiff's false arrest, malicious prosecution, and deprivation of a fair trial.

56. The Defendants failed to do so.

## FIFTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION

57. The plaintiff restates all allegations of this Complaint herein.

58. The Defendants arrested the plaintiff and initiation or continuation of a criminal proceeding against him without probable cause to do so.

59. The criminal proceeding terminated in the plaintiff's favor.

60. The Defendants were motivated by actual malice.

61. As a result, plaintiff suffered personal injuries, loss of liberty, emotional distress, damage to reputation, humiliation, and other harms.

62. As a result of Defendants' conduct, plaintiff demands judgment against Defendants in a sum of money to be determined at trial.

## SIXTH CLAIM FOR RELIEF

## DEPRIVATION OF RIGHT TO FAIR TRIAL AND PROCESS

63. The plaintiff restates all allegations of this Complaint herein.

64. Defendants Jason Petri and UC CO125 acted as investigating official with respect to the plaintiff's arrest.

65. Both Defendants Jason Petri and UC CO125 fabricated evidence in the form of false testimony concerning the plaintiff's conduct.

66. The false evidence was likely to influence the decision or a jury or fact-finder in a parole revocation proceeding.

67. Defendants Jason Petri and UC CO125 forwarded the fabricated statements to prosecutors in both such proceedings.

68. The plaintiff suffered a deprivation of liberty as a result.

69. As a result of Defendants' conduct, plaintiff demands judgment against Defendants in a sum of money to be determined at trial.

## SEVENTH CLAIM FOR RELIEF

## FAILURE TO PROVIDE PROPER MEDICAL TREATMENT

70. The plaintiff restates all allegations of this Complaint herein.

71. As a result of his broken jaw, the plaintiff suffered severe pain.

72. CORRECTIONS STAFF "JOHN DOES" 1-6 failed to provide timely treatment, including pain management treatment.

73. As a result of Defendants' conduct, plaintiff demands judgment against Defendants in a sum of money to be determined at trial.

WHEREFORE and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction and:

[a] Invoke pendent party and pendent claim jurisdiction.

[b] Award appropriate compensatory and punitive damages.

[c] Empanel a jury.

[d] Award attorney's fees and costs.

[e] Award such other and further relief as the Court deems to be proper and in the

interests of justice.

DATED:	New York, New York
        December 16, 2016

Respectfully submitted,

_____//s//_____
DAVID A. THOMPSON, ESQ. [DT 3991]
Stecklow & Thompson
217 Centre Street, 6th Floor
New York, N.Y. 10013
Phone: (212) 566-8000
Fax:    (212) 202-4952