MEMO ENDORSED

**WYLIE M. STECKLOW**  WWW.LAWYERSFORTHERESTOFUS.COM
**STECKLOW & THOMPSON**
217 CENTRE ST. FL. 6
NEW YORK, NY 10013
T(212) 566-8000
F(888) 566-7999
WYLIE@SCTLAW.COM

March 22, 2018

Hon. Judge William H. Pauley, III
USDC – SDNY
500 Pearl Street
New York, NY 10007

   Re: Matter:  *Flores v. City of NY, et al*
      Index #:  16CV9728 (WHP)(KHP)

Dear Honorable Judge:

 I am writing today in relation to the above referenced matter. On December 1, 2017, this Court granted the joint request to extend fact discovery in this matter to April 30, 2018 (Docket 36). Prior to that order, on November 21, 2017, plaintiff served interrogatories and document demands on defense. Multiple times between November 21, 2017 and January 22, 2018, an update was sought from the defense on the overdue discovery responses, culminating in a letter threatening judicial intervention if no response was received by January 19 (See Exhibit A to Docket 44). On February 5, 2018, I filed a letter with the Court setting out discovery delays and a promise to update the court, following the next round of meet and confers (See Docket 44). Plaintiff respectfully submits this letter as that promised update, and as a request for judicial intervention in the ongoing discovery dispute, as well as a request concerning service on a retired police officer, and the failure of newly added defendants to timely answer the second amended complaint.

  A. DISCOVERY DISPUTE:

 This dispute still relates to the original discovery demands served on November 21, 2017. The parties held meet and confers on several occasions to review these discovery requests. On February 13, 2018, the parties finished a second full meet and confer resulting in an agreement that was summarized in a letter served on February 16, 2018 (See Exhibit B). Among the agreements, was the production within 48 hours of documents responsive to six requests that were already in the possession of the ACC. After a third meet and confer was held on March 15, 2018, after which the City finally produced the documents in their possession and promised since mid-February. Unfortunately, no further discovery has been produced despite multiple meet and confers, and promises of production.

 Although more documents were coming due in mid-March, that production was not made. As the already expanded discovery deadline is less than forty-five (45) days away (See order 36, discovery deadline of April 30, 2018), plaintiff is very concerned about the status of discovery.

  B. LATE ANSWERS:

A second amended complaint was filed on January 2, 2018. Five additional defendants have been served. Plaintiff co-counsel is handling service issues, and the final two non-NYPD defendants, Riviere and Smallwood, should be served shortly.

Since the filing of the second amended complaint was more than 60 days ago, the time for the defendants identified in the original complaint to answer has passed. This includes, UC125, The City of New York, Det. Jason Petri, Sgt Robert Duplessis, PO Ronald Luparello, Det. Nicholas Alexaki, Sgt Louis Mead, Sgt Danielle Krut.

Moreover, Defendants Corizine Health Clinical Solutions LLC, Correctional Medical Associates of New York, and Damian Family Care Centers were served on January 26, 2018, and have not yet answered. Defendant Asiedu was served on January 25, 2018 and Defendant O'Grady was served on February 5, 2018. None of these newly added defendants have appeared or filed a responsive pleading.

C.   RELIEF SOUGHT

Plaintiff requests the Court consider the following relief:

(a)   As to discovery, the court should (i) order all outstanding and agreed upon production due within two (2) weeks; (ii) waive all objections of the City of New York and the NYPD defendants to the outstanding discovery; and (iii) impose a default judgment if discovery is not produced within this time limit;

(b)   Order that all served defendants file their answer within seven (7) days and impose a default judgment if such answers are not filed in compliance with this court's order;

(c)   Extend discovery for Plaintiff, but close discovery for all of the original defendants - that have been in the case since the original complaint - but have failed to propound any discovery requests; and

(d)   For such other and further relief as this Court deems just and proper.

Plaintiff is reminded to adhere to this Court's individual rules of practice, which require, for discovery disputes, a "single joint letter of six pages or less," describing the "issues in dispute and the respective positions of the parties." (Section III.A.iv.) Defendants' counsel is directed to respond to this letter by close of business April 11, 2018.

Respectfully submitted,

--//s//--

Wylie M. Stecklow, Esq.

cc:   ACC Wilson (Via ECF)

Leo Glickman (Via ECF)

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

4-9-18