**WYLIE M. STECKLOW**  WWW.LAWYERSFORTHERESTOFUS.COM
**STECKLOW & THOMPSON**
217 CENTRE ST. FL. 6
NEW YORK, NY 10013
T(212) 566-8000
F(888) 566-7999
Wylie@SCTLAW.COM

April 12, 2018

Hon. Judge William H. Pauley, III
USDC – SDNY
500 Pearl Street
New York, NY 10007

      Re:    Matter:    *Flores v. City of NY, et al*
                Index #:    16CV9728 (WHP)(KHP)

Dear Honorable Judge:

      I am writing today in relation to the above referenced matter and in response to the letter filed yesterday by the defense. In that correspondence, the defense requested an extension until April 18, 2018 to file an answer to the Second Amended Complaint. The defense correctly points out that the plaintiff does not consent to this request. By this letter, the plaintiff objects to any request for an extension of time, and seeks a cross-motion schedule for the defense to seek leave to file a late answer, and for plaintiff, in opposition, to cross-move for a default judgment.

      On December 1, 2017, this Court granted the joint request to extend fact discovery in this matter to April 30, 2018 (Docket 36). Plaintiff served interrogatories and document demands on defense on November 21, 2017, and held multiple meet and confers on February 2, 2018, February 13, 2018, and on March 15, 2018. However, the discovery agreements reached during the meet and confers have not been met by the defense. Moreover, with fact discovery set to close in 18 days, plaintiff has been severely prejudiced by this delay.

      The First Amended Complaint was filed on December 22, 2017.[1] More than 110 days have passed since that filing and the time for the defendants identified in the original complaint to answer has passed. This includes, UC125, The City of New York, Det. Jason Petri, Sgt Robert Duplessis, PO Ronald Luparello, Det. Nicholas Alexaki, Sgt Louis Mead, Sgt Danielle Krut.

      Moreover, Defendants Corizine Health Clinical Solutions LLC, Correctional Medical Associates of New York, and Damian Family Care Centers were served on January 26, 2018, and have not yet answered. Defendant Asiedu was served on January 25, 2018 and Defendant O'Grady was served on February 5, 2018. None of these newly added defendants have appeared or filed a responsive pleading.

---

[1] Due to ECF issues, the original filing of the Second Amended Complaint was bounced, but by order of this honorable court dated 01/05/18, the December 22, 2017 date was deemed the date of the filing (See Docket 40).

1

Defense has requested an extension of time to file an answer that is long over due, but has failed to cite any caselaw, nor explain why a timely answer was not filed from December 22, 2017 to February 23, 2018 or at any point in March.  On March 22, 2018, the undersigned submitted a letter on ECF explaining that no answer had yet been filed.  Yet, on April 11, 2018, only under court order, did the defense even seek an extension of time (until April 18, 2018) to file an answer.

In this district, courts reviewing requests for late answers examine various relevant factors, including, "whether the failure to answer was willful, whether [the defendant] has a meritorious defense, and whether [the plaintiff] would be prejudiced by allowing [the defendant] to enter the proceedings at this late date".  Pension Benefit Guaranty Corp. v. Canadian Imperial Bank of Commerce, 1989 U.S. Dist. LEXIS 4982, 1989 WL 50171, *2 (S.D.N.Y. 1989).  However, "[a]ll three factors do not need to be met; rather, a default may be entered upon a showing that the three factors on balance support relief."  Guangxi Nanning Baiyang Food Co. v. Long River Int'l, Inc., 2010 U.S. Dist. LEXIS 31217, *8 (S.D.N.Y. 2010).

The plaintiff recognizes that the delay by itself does not entitle him to an automatic right to entry of judgment.  Rather, "dispositions of motions for entries of defaults and default judgments . . . are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties."  Guangxi Nanning Baiyang Food Co. v. Long River Int'l, Inc., 2010 U.S. Dist. LEXIS 31217, *7 (S.D.N.Y. 2010).

The defense has set forth a rationale for their failure to file the answer between February 23, 2018 and a date in early March.  There has been no explanation for any other time frame.  If the court allows for a motion to be filed, the defense must then identify their explanation and the court may determine if the conduct was willful or merely careless, and how this singular factor balances with the other factors.

The defense has not set forth any explanation of a meritorious defense.  In this situation, the plaintiff was arrested and had his jaw broken by defendant Petri after plaintiff was detained and in the custody of a number of NYPD officers.  Absent proof of a meritorious defense, this factor would favor the relief, default judgment, being sought by the plaintiff.

> The test of such defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense. See McNulty, 137 F.3d at 738. He must present a defense "which directly relates . . . to the allegations set forth in plaintiff's pleadings and raises a serious question as to the validity of those allegations." Guangxi Nanning Baiyang Food Co. v. Long River Int'l, Inc., 2010 U.S. Dist. LEXIS 31217, *10-11 (S.D.N.Y. 2010).

The plaintiff has been prejudiced as the defense has failed to file an answer and participate in discovery in good faith.  Therefore, even with the previous discovery extension in December 2017 that allowed fact discovery to continue until April 30, 2018, the plaintiff

2

still has very little paperwork from his arrest and incarceration, and has been unable to meaningfully conduct any depositions.  The Plaintiff respectfully submits that the cursory analysis set out in this letter indicates that at least two, if not all three, of the factors favor the plaintiff, and the defense has a hurdle to clear before this honorable court should exercise its discretion, ignore the defense failure to timely answer the Amended Complaint, and grant the defense an extension of time to file such an answer.

      As the defendants represented by the City of New York have either failed to timely answer or timely serve discovery responses, or timely serve any discovery requests, an appropriate remedy should be fashioned to respond to these failings.  Plaintiff requests a pre-motion conference, and as the defense letter does not respond to the discovery dispute, prior to such a conference, plaintiff will undertake to work with defense to draft and agree upon a joint discovery dispute letter to submit to the court.

                        Respectfully submitted,

                        --//s//--

                        Wylie M. Stecklow, Esq.

cc:     ACC Wilson (Via ECF)

3